**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 06-61617-CIV-LENARD-TORRES

UNITED STATES OF AMERICA,

    Petitioner,

vs.

TIMOTHY J. ELMES,

    Respondent.

_____/

**ORDER ON MOTION TO STRIKE;
REPORT AND RECOMMENDATION ON RESPONDENT'S
MOTION TO DISMISS AND THE GOVERNMENT'S
<u>PETITION TO ENFORCE IRS SUMMONS</u>**

THIS MATTER came before the Court for a hearing on February 6, 2007,[1] upon the Government's Petition to Enforce Internal Revenue Service Summons and for Order to Execute Consent Directive [**D.E. 1**], Respondent Timothy J. Elmes' ("Elmes") Motion to Dismiss, Civil Rule 12(b)(2), (4), and (5) [**D.E. 5**], the Government's Motion to Strike Respondent's Motion to Dismiss [**D.E. 6**]; and Mr. Elmes' Motion to Strike [**D.E. 8**].[2] Mr. Elmes appeared at the hearing *pro se*; Internal Revenue Service ("IRS") Revenue Agent James R. Keelan appeared with counsel for the government. For the reasons stated on the record at the hearing (summarized below), the Court recommends that Mr. Elmes' motion to dismiss for lack of personal jurisdiction be denied and that the government's

---

[1] The Court **denied** Mr. Elmes' Motion to Stay Hearing Set for February 6, 2007 [**D.E. 11**], after consideration of that motion as well as the petition for writ of prohibition which Mr. Elmes filed in the Eleventh Circuit Court of Appeals (which the undersigned has been advised was denied).

[2] These matters were referred to the undersigned Magistrate Judge by the Honorable Joan A. Lenard. [**D.E. 3, 7**].

petition to enforce the IRS summons be granted. The Court also denies both motions to strike.

## I. BACKGROUND [3]

As part of an investigation into Mr. Elmes' federal income tax liability for the years 2002, 2003, and 2004, IRS Revenue Agent Keelan issued an IRS administrative summons to Mr. Elmes, directing him to appear on April 13, 2006, at 9:30 a.m. at the place identified in the summons. [D.E. 1, Ex. 1]. The summons further directed Mr. Elmes to appear and to give testimony and produce for examination certain books, papers, records, or other data as described in the summons. On April 11, 2006, Agent Keelan received correspondence advising that Mr. Elmes would not comply with the court summons absent a court order to do so. Two days later, on April 13, 2006, Mr. Elmes did not appear or provide the requested records or testimony as directed in the summons. According to Agent Keelan, all administrative steps required by the Internal Revenue Code for the issuance of an IRS summons have been taken.

On October 25, 2006, the government filed the instant petition to enforce the IRS summons served on Mr. Elmes. [D.E. 1]. The Honorable Joan A. Lenard issued an Order to Show Cause on December 6, 2006, in which she ordered "the United States Marshal, his deputy, or an employee of the Internal Revenue Service [to] serve a copy of this Order, together with the Petition and exhibits attached thereto, upon [Mr. Elmes]." [D.E. 2 at 2-3]. Judge Lenard also ordered Mr. Elmes to respond to the petition and raise any objections he had to the enforcement of the IRS summons at that time, or they would be

---

[3] The facts set forth herein are derived from two Declarations of Agent Keelan filed with the Court. [D.E. 1, Ex. 1; D.E. 4]. As Mr. Elmes raised no substantive objections to the government's pleadings, either in writing or at today's hearing, despite being given the opportunity to do so, Mr. Keelan's Declarations are unrebutted, and the Court accepts the facts contained therein as true.

waived; should he raise an objection, he would be required to appear before the undersigned Magistrate Judge today to show cause why the IRS summons should not be enforced. *Id.* at 2. Judge Lenard explained that "any uncontested allegations of the Petition will be deemed admitted." *Id.* at 2.

In compliance with Judge Lenard's Order to Show Cause, Agent Keelan served a copy of the Order and the Petition and exhibits attached thereto, by personally handing them to Mr. Elmes on December 11, 2006. [D.E. 4].

Mr. Elmes filed a motion to dismiss for lack of personal jurisdiction based on improper service pursuant to Federal Rule of Civil Procedure 4. [D.E. 5]. The government moved to strike the motion to dismiss [D.E. 6]; Mr. Elmes moved to strike the government's motion to strike [D.E. 8]; and the government responded thereto [D.E. 10]. Mr. Elmes did not file any substantive response to the allegations in the Petition. During the hearing, Mr. Elmes did raise the argument that documents had already been provided to the IRS's International Division responsible for his case based on his residency in the Virgin Islands.

## II. ANALYSIS

### A. *Jurisdiction Defense Based upon Lack of Service of Process*

Mr. Elmes's primary challenge to the Petition is the argument that he was not properly served in this case, because a court-issued summons was not served on him, and because service was made by Agent Keelan, who allegedly is an interested party in this case. Mr. Elmes is incorrect on both points.

First, Judge Lenard's December 6, 2006, Order to Show Cause specifically directed "the United States Marshal, his deputy, or an employee of the Internal Revenue Service" to serve the Petition and a copy of the Order upon Mr. Elmes. Agent Keelan, an IRS employee, complied with Judge Lenard's directive. Judge Lenard's Order was essentially

a court-issued summons in that it was signed by the District Judge presiding over this case and it notified Mr. Elmes of this action against him.

Second, Fed. R. Civ. P. 4(c)(2) expressly provides that service may be effected "by any person who is not a party and who is at least 18 years of age." The rule was amended in 1993, in part to relieve the U.S. Marshal's office of much of the burden of serving summons. As the Advisory Committee Notes explain:

> Subdivision (c) eliminates the requirement for service by the marshal's office in actions in which the party seeking service is the United States. The United States, like other civil litigants, is now permitted to designate any person who is 18 years of age and not a party to serve its summons.

Fed. R. Civ. P. 4 (1993 Adv. Cmt. Notes, subd. (c)).

It is thus clear thus that, at least since 1993, when the government needs to serve a person, it may accomplish service through the U.S. Marshal's office or any person employed or retained by the government who is at least eighteen (18) years of age and not a party to the action. Agent Keelan is a government employee, not a party to this action (just as a U.S. deputy marshal is not a party in every action involving the United States), and is over 18 years of age. Accordingly, the method of service accomplished by the IRS agent on Mr. Elmes fully complied with Fed. R. Civ. P. 4. *See also United States v. Miller*, 609 F.2d 336, 338 (8th Cir. 1979) (a pre-1993 Amendment decision that reaches the same conclusion and upholds service of process under Rule 4 by a government agent). The Court, therefore, recommends that Mr. Elmes' motion to dismiss this case be denied.

### B. *Enforcement of the Summons*

The IRS commenced this action to enforce the March 20, 2006, IRS summons which sought testimony and documents from Mr. Elmes in furtherance of its investigation into his tax liability for certain years. Counsel for the government advised the Court at the hearing that the information being sought relates to the source of Mr. Elmes' income,

his foreign currency transactions, and his status as a resident (and taxpayer) of either the United States or the Virgin Islands.

The burden on the government to establish a *prima facie* case for enforcement is slight.  It must establish that (1) that the investigation will be conducted pursuant to a legitimate purpose, (2) that the inquiry will be relevant to that purpose, (3) that the information sought is not already in the IRS' possession and, (4) that it has taken the administrative steps necessary to the issuance of a summons.  *United States v. Powell*, 379 U.S. 48, 57-58 (1964).  "The IRS can satisfy this burden merely by presenting the sworn affidavit of the agent who issued the summons attesting to these facts." *La Mura v. United States*, 765 F.2d 974, 979 (11th Cir. 1985) (citing *Powell*).

The IRS has met its burden in this case.  Agent Keelan's sworn declaration sets forth facts sufficient to satisfy the four-prong test for enforcement.  Mr. Elmes' objections in this proceeding were purely procedural in nature; no substantive objections were made in writing or at today's hearing.  Because the allegations contained in the Petition are entirely unrebutted, this Court accepts them as true and finds the government has met its burden here.  Accordingly, the Court recommends that the Petition to enforce the IRS summons be granted.[4]

---

[4] To the extent that Mr. Elmes asserts he is not required to respond to the IRS summons issued by Mr. Keelan, who is with a domestic branch of the IRS, because he (Mr. Elmes) has already provided everything requested in the subject summons to the International Division of the IRS in the Virgin Islands, this argument was considered, and rejected, by Magistrate Judge John J. O'Sullivan in his Report and Recommendation of November 7, 2006, in *Timothy Elmes v. United States of America*, Case No. 06-60501-CIV-Graham/O'Sullivan. [D.E. 29 in #06-60501].  The Honorable Donald L. Graham ratified, approved, and affirmed Judge O'Sullivan's Report and Recommendation on January 31, 2007. [D.E. 35 in #06-60501].  The Court notes that this particular issue was not briefed in any of Mr. Elmes' filings and was raised for the first time at the hearing.  In an abundance of caution, Judge O'Sullivan's findings are incorporated herein.

### III.   CONCLUSION

Based on a thorough review of the record as a whole, the undersigned Magistrate Judge does hereby

**ORDER AND ADJUDGE** that

1. The Government's Motion to Strike Respondent's Motion to Dismiss [**D.E. 6**] is **DENIED**;

2. Respondent Timothy J. Elmes' Motion to Strike [**D.E. 8**] is **DENIED**.

Furthermore, it is **RECOMMENDED** that

1. The Government's Petition to Enforce Internal Revenue Service Summons and for Order to Execute Consent Directive [**D.E. 1**] be **GRANTED**.  **Respondent Timothy J. Elmes should be ordered to respond to the March 20, 2006, IRS Summons within twenty (20) days from the date of the Order** by appearing before a representative of the IRS within that time period and giving testimony and producing for examination certain books, papers, records, or other data as required by the IRS Summons.

2. Respondent Timothy J. Elmes's Motion to Dismiss, Civil Rule 12(b)(2), (4), and (5) [**D.E. 5**] be **DENIED**.

3. Pursuant to Local Magistrate Rule 4(b), the parties have **five (5)** business days from the date of this Report and Recommendation to serve and file written objections, if any, with the Honorable Joan A. Lenard, United States District Judge.  The Court finds good cause to shorten the normal period for objections pursuant to S.D. Fla. Local R. 4(b).  Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the report and bar the parties from attacking on appeal the factual findings contained herein.  *R.T.C. v. Hallmark Builders, Inc.,* 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger,* 847 F.2d 745

(11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. Unit B 1982) (en banc); 28 U.S.C. § 636(b)(1).

**DONE AND SUBMITTED** in Chambers at Miami, Florida this 14th day of February, 2007.

_____
EDWIN G. TORRES
United States Magistrate Judge

Copies provided to:
Honorable Joan A. Lenard
All Counsel of Record
Mr. Timothy J. Elmes, pro se